Zedric MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–98–00149–CR.

Court of Appeals of Texas,
Tyler.

Nov. 23, 1999.

Discretionary Review Refused
April 26, 2000.

Mark W. Hall, Tyler, for Appellant.

Edward J. Marty, Tyler, for Appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

RAMEY, Chief Justice.

Appellant, Zedric Miller, was indicted for the offense of aggravated assault. He was tried by a jury which found him guilty of the lesser included offense of deadly conduct and sentenced him to ten years' imprisonment and a $5,000.00 fine. On appeal, Appellant complains that the trial court erred 1) when it required him to show his tattoo to the jury; 2) when it allowed evidence of an extraneous offense; and 3) when it cumulated the sentence with that of a prior conviction. We will affirm.

## BACKGROUND

The record reflects that a group of young men were playing basketball at a Tyler park when Appellant and some others arrived. Edgar Alvarado testified that he was sitting on a park bench when a group gathered around him and someone commented on the red shoe laces he was wearing. Alvarado averred that with the comment about the shoe laces, the group with Appellant began a fight with the basketball players. Leonel Aleman also testified that Appellant's gang started the fight and that he tried to run to his truck to get away. Aleman further stated that he saw Appellant at the scene with a weapon and that Appellant shot him in the back.

## RULE 403   BALANCING TEST

In his first issue, Appellant complains that the trial court erred when it required Appellant to show his tattoos to the jury as evidence of gang affiliation during the punishment phase of the trial. Detective Richard Cashell of the Tyler Police Department was on the stand testifying, generally, about gang activity in the city. During Cashell's direct examination, the prosecutor asked that Appellant stand

before the jury and raise his shirt sleeve to show the tattoo "B.K." Cashell had previously testified that "B.K." meant "Blood Killer" in gang vernacular, and that this showed disdain for the Bloods gang and the rivalry between the Crips and the Bloods. When Appellant was standing before the jury, the exchange between Cashell and the prosecutor was brief; consequently, the view was brief.

Appellant acknowledges that The Court of Criminal Appeals has upheld the introduction of relevant gang affiliation testimony in the punishment phase of a non-capital trial under Rules 404 and 405(a) of the Texas Rules of Evidence. *See Beasley v. State*, 902 S.W.2d 452, 455–57 (Tex.Cr. App.1995); *Anderson v. State*, 901 S.W.2d 946, 950 (Tex.Cr.App.1995). He contends, however, that the trial court erred when it admitted the evidence without first conducting a Rule 403 balancing test. We agree that the trial judge did not orally conduct a 403 balancing test. She did speak at length about the relevance of the evidence, however, since Appellant was seeking probation.

We previously addressed the question of probativeness versus prejudicial nature of this exact evidence in *Miller v. State*, 2 S.W.3d 475 (Tex.App.—Tyler 1999, no pet.), in which we held:

> While it may be true that the actual viewing of the tattoos had a greater impact on the jury than if the jury had merely been told they existed, that does not mean that the viewing of the tattoos, in the manner in which it was done here, was unfairly prejudicial. Almost every piece of evidence presented at trial can be said to be prejudicial to one side or the other. Only evidence that is *unfairly* prejudicial must be excluded under Rule 403. *See Blakeney v. State*, 911 S.W.2d 508, 515 (Tex.App.—Austin 1995, no pet.). The State presented evidence which related the tattoos to Appellant's association with a street gang. Moreover, the trial court only required that

Appellant roll up his sleeves and the viewing was brief. Based on the foregoing, we cannot conclude that the trial court abused its discretion in overruling Appellant's Rule 403 objection.

*Id.* at 482.

■■■ A trial court has no discretion to refuse a request to conduct a rule 403 balancing of probativeness versus prejudice in deciding whether to exclude evidence. *Montgomery v. State,* 810 S.W.2d 372, 390 (Tex.Cr.App.1990). Although the trial judge in the instant case did not orally conduct a balancing test, it is well-settled that a trial court's ruling on the admissibility of evidence will not be reversed if it was correct for any reason, even one not articulated at trial. *See, e.g., Smith v. State,* 898 S.W.2d 838, 843 (Tex. Cr.App.1995); *McFarland v. State,* 845 S.W.2d 824, 846 n. 15 (Tex.Cr.App.1992); *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Cr.App.1990). Furthermore, the trial court did not "refuse" to conduct the balancing test, nor did Appellant object when the trial court failed to do so. *See Turner v. State,* 805 S.W.2d 423, 431 (Tex.Cr.App. 1991). Accordingly, because the trial court did not abuse its discretion when it allowed the jury to view the tattoos, and because Appellant waived his objection by not pursuing it to an adverse ruling, we overrule Appellant's first issue.

### EVIDENCE OF EXTRANEOUS OFFENSE

■■■ In his second issue, Appellant complains that the trial court erred in allowing the testimony of Kevin Pickens regarding an extraneous offense not specifically noticed by the State in accordance with the dictates of TEX.CODE CRIM. PROC. ANN. art. 37.07 (Vernon Supp.1994). Appellant filed a Request for Notice of Intent to Offer Extraneous Crime or Bad Act Not Resulting in Final Conviction prior to trial. In response, the State filed its Notice of Intent to Use Extraneous Offenses Pursuant to Article 37.07 and Rule 404(b). In the notice, the State indicated three things that it intended to offer. Two of these

were for misdemeanor convictions for Unlawfully Carrying a Weapon, and the third that Appellant was a "known gang member and has associated with known gang members." Approximately one hour before trial, the State gave Appellant a copy of the testimony of Kevin Pickens from a previous trial where Appellant had been convicted of aggravated assault which had included the firing of a weapon in Lindsey Park. Appellant objected that he did not have proper notice of the State's intent to use this extraneous offense. The State responded that Appellant had been given notice in the original discovery package filed with the court the previous year. The trial court agreed, ruling that the State had given "specific notice" of the intent to use the matters in the discovery package. On appeal, Appellant complains that "adding a two line 'notice' to the bottom of the cover page of the discovery" is not sufficient notice that the State intended to introduce the aggravated assault into evidence.

■■■ The discovery package, referred to on the record and by Appellant in his brief, was not made a part of the record by Appellant. When documentation vital for appellate review is not designated for inclusion in the clerk's record, any appellate complaint regarding that item is waived, and it will be presumed that the missing item supports the trial court's judgment. *Leggett v. Brinson,* 817 S.W.2d 154, 156 (Tex.App.—El Paso 1991, no writ). Because Appellant did not bring forward the discovery package, which contains the alleged inadequate notice, he has failed to properly present this issue for our review. Appellant's second issue is overruled.

### CUMULATION OF SENTENCES

■■■ In issue three, Appellant maintains that the trial court erred when it cumulated the sentence in the instant case with that of a prior conviction. He alleges that there is no evidence in the record upon which the trial court could order Appellant's sentence to be served consecutively

with any other sentence, since the State did not offer any evidence to show that Appellant was serving a prison sentence at the time of his conviction and sentencing in this case. In addition, the reporter's record contains no pronouncement by the court that the sentence would be "stacked" on a prior sentence. The trial court's decision to do so is reflected only in the judgment of the court contained in the clerk's record.

■ The Texas Code of Criminal Procedure allows a trial court to order any sentence imposed in separate trial proceedings to be served either concurrently or consecutively. TEX.CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp.1994). Sentences assessed are to run concurrently unless the trial court specifically orders that they are to be served consecutively. *Ex parte Hernandez*, 758 S.W.2d 594, 596 (Tex.Cr.App.1988). A cumulation order is void if it fails to properly identify a defendant as the person previously convicted and thus subject to cumulated sentences. *Turner v. State*, 733 S.W.2d 218, 221 (Tex. Cr.App.1987).

The State argues that it filed a Motion to Cumulate Sentences before trial commenced. It specifically pled that Appellant had been sentenced in and was currently serving time for an aggravated assault conviction. At trial, the trial judge and Appellant's trial counsel discussed Appellant's prior conviction upon which the sentence in the instant case was stacked, and the trial judge illustrated personal knowledge of the prior conviction. She noted, for example, that trial counsel had also represented Appellant in the aggravated assault case. Furthermore, both cases were tried in the 114 th Judicial District Court, and it is clear from the record that the trial judge in the instant case also presided over the aggravated assault trial. And when the trial court entered judgment, she stacked the sentence in this case on the sentence from that prior conviction. We hold that there was adequate evidence upon which the trial court could identify Appellant as the person with the prior conviction.

■ Appellant cites *Turner* for the proposition that there was not sufficient evidence to support a cumulation order. We distinguish *Turner* from the instant case, however, because the conviction at issue in that case was from a different court. In *Bridges v. State*, 468 S.W.2d 451, 452 (Tex.Cr.App.1971), the Court of Criminal Appeals held that the cumulation of sentences was not error notwithstanding there was no evidence as to the defendant's identity as the same person previously convicted. The Court based the decision upon the trial judge's ability to take judicial notice of a trial and conviction over which he presided in his own court. *Id.*, citing 23 TEX. JUR. 2D *Evidence* § 27 (1961). Consequently, the trial judge in the instant case, being the sitting judge in both cases, properly took judicial notice of the first conviction when she cumulated the sentences. We overrule issue three.

We affirm the judgment of the trial court.