NUMBER 13-99-054-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI



___________________________________________________________________


AUDREY TAMAYO, Appellant,


v.


LOPEZ SUPERMARKET, INC., Appellee.

___________________________________________________________________


On appeal from the 357th District Court 


of Cameron County, Texas.


___________________________________________________________________


OPINION ON MOTION FOR REHEARING



Before Justices Hinojosa, Chavez, and Rodriguez



Opinion by Justice Chavez





 In our opinion of June 29, 2000, we affirmed the judgment of the
trial court in all respects except for the issue of appellant's attorney's
fees, which we remanded to the trial court. In its motion for rehearing,
appellee argued that appellant was not entitled to attorney's fees. We
agree. We grant the motion for rehearing, withdraw our opinion of
June 29, 2000, and substitute this opinion in its place. 

 Appellant Audrey Tamayo brought a sexual harassment claim
against appellee Lopez Supermarket. Tamayo alleged that, while trying
to pass a supervisor in a narrow hallway, he stuck his finger through a
gap in the buttons of her blouse, touching her between her breasts, and
told her "not to let anything get out." A jury found Lopez liable, but
awarded Tamayo only $20 in damages. On appeal, Tamayo argues that
the trial court erred in permitting Lopez's attorney to testify regarding
attorney's fees when she had not been properly designated, the jury's
damages award was against the great weight and preponderance of the
evidence, and Lopez's attorney engaged in improper jury argument. We
affirm. 

 In her first point of error, Tamayo complains that Lopez failed to
properly designate Elia Cornejo-Lopez, Lopez's attorney, as an expert
witness. However, Tamayo failed to designate for inclusion in the
clerk's record either her discovery request to Lopez or Lopez's response,
and these items are not in the clerk's record. Obviously, Tamayo is
unable to comply with Texas Rule of Appellate Procedure 38.1(h),
which requires an appellant to make appropriate citations to the record
to demonstrate the error asserted. When documentation vital for
appellate review is not designated for inclusion in the clerk's record, any
appellate complaint regarding that item is waived, and it will be
presumed that the missing item supports the trial court's judgment. 
Miller v. State, 21 S.W.3d 327 (Tex. App.--Tyler 1999, pet ref'd). 
Appellant's first point of error is overruled.

 Appellant's second point of error argues that the jury's finding on
damages was against the great weight and preponderance of the
evidence. In reviewing a jury verdict to determine the factual sufficiency
of the evidence, we consider and weigh all the evidence and set aside
the judgment only if the evidence is factually so weak, or the verdict so
contrary to the overwhelming weight of the evidence, as to make the
judgment clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986). Appellant testified that her salary at Lopez was $425
per week, or $22,100 per year. The incident giving rise to this lawsuit
took place in December 1994, and by February 1995 appellant had left
Lopez and was working for Valley Transit Company. Her starting salary
at Valley Transit was $1800 per month, or $21,600 per year. However,
in July 1995 she received a $40 per month raise, which brought her
salary up to $22,080 per year, only $20 per year less than her salary
with Lopez. In July 1996 she received another raise from Valley Transit,
bringing her annual salary to $22,320.

 Appellant also testified that the job at Valley Transit required her
to travel further to get to work, and that her claim to have suffered a
decrease in salary at Valley Transit was also meant to cover "the gas
and the time that I lost, also." However, she did not provide specific
figures for her lost time or extra gas expenses.

 Appellant testified that the health insurance she received from
Valley Transit was not as extensive as the insurance she had with
Lopez, and the difference between the two coverages cost her $800. 
However, on cross-examination she admitted that she arrived at the
$800 figure by subtracting $200, the deductible from the insurance
with Lopez, from $1000, the deductible from the insurance with Valley
Transit. She conceded that, because her health had been good, she
had not "felt" the difference between the deductibles. She insisted that
her payments for doctor's visits and prescriptions was higher under
Valley Transit's insurance, but did not offer any specific testimony about
how much the differences were, or what additional expenses she had
actually incurred as a result of these differences. She eventually
conceded that her damages in the form of health insurance expenses
were "a question mark."

 Lopez also provided her with the use of a van, a $30,000 life
insurance policy, and health insurance. She estimated the value of the
free vehicle at $250 per month. However, Miguel Antonio Lopez, a
manager for Lopez, testified that in early 1995 Lopez decided to
drastically reduce the company vehicle fleet, and that if appellant had
stayed with Lopez, she would have lost her company van in April 1995. 
Appellant received a $5000 life insurance policy as part of her
employment with Valley Transit. She did not testify that she had gone
to any expense to make up the difference between the policies at Lopez
and Valley Transit.


 Therefore, the evidence showed that appellant suffered a brief
decrease in salary at Valley Transit, but within a year and-a-half she
was making more at Valley Transit than she had at Lopez. She lost the
use of a vehicle in switching jobs, but the evidence showed that within
a few months she would have lost the car even if she has stayed at
Lopez. Appellant did not establish any actual economic losses due to
the change in health insurance or life insurance. The jury could have
concluded that appellant's losses in salary and the use of a car during
her first few months in her new job, as well as the "gas and time" in
traveling to her new job were nearly offset by the later increase in salary
at her now job. We conclude that an award of $20 for economic
damages was not against the great weight and preponderance of the
evidence.

 Appellant also sought compensation for mental anguish and
attorney's fees.

Recovery of mental anguish damages requires "direct evidence of the
nature, duration, or severity of [plaintiff's] anguish, thus establishing a
substantial disruption in the plaintiff's daily routine," or other evidence
of a "high degree of mental pain and distress that is more than "mere
worry, anxiety, vexation, embarrassment, or anger." Parkway Co. v.
Woodruff, 901 S.W.2d 434, 444 (Tex. 1995). 

 The evidence presented by appellant did not meet this standard. 
Appellant testified that she was "visibly upset" when the incident of
harassment occurred, and subsequent to that she was "jumpy" and
"uncomfortable" around male coworkers. She said she left her job with
appellee because she "couldn't handle it anymore." She also testified
that her self-esteem after the incident was "pretty low." Appellant did
not testify to a "substantial disruption in her daily routine," and the
mental pain and distress she described was not more than "mere
worry, anxiety, vexation, embarrassment, or anger." Id. 

 Appellant also complains of the jury's finding on attorney's fees. 
When asked to assess appellant's reasonable and necessary attorney's
fees, the jury answered "$0," and the judgment did not award any
attorney's fees to appellant. 

 Attorney's fees may be recovered as part of the costs by the
prevailing party in a sexual harassment case. Tex. Lab. Code Ann. §
21.259 (Vernon 1996). To qualify as a prevailing party, a civil rights
plaintiff must obtain at least some relief on the merits of his or her
claim. Farrar v. Hobby, 506 U.S. 103, 111 (1992). A judgment in any
amount, whether compensatory or nominal, qualifies the plaintiff for
"prevailing party" status because the judgment modifies the
defendant's behavior by forcing the defendant to pay an amount of
money he would not otherwise pay. Id. at 113. However, where the
plaintiff's success can be characterized as purely technical or de
minimis, a district court is justified in concluding that even this
generous formulation has not been satisfied. Texas State Teachers
Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989). The trial
court has discretion in determining the appropriate award of attorney's
fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).


 In this case, appellant asked the jury for $10,000 in lost wages,
plus further compensation for mental anguish. The jury awarded her
only $20 for lost wages, and nothing for mental anguish. This was a
de minimis award that left the trial court with discretion to award $0 for
attorney's fees. Cf. Tatum v. Morton, 386 F. Supp. 1308, 1317-19 (D.C.
1974) (denying attorney's fees in case where plaintiffs sought $10,000
each, but were awarded only $100 each.) We hold that the jury's
determinations on the damages questions were not against the great
weight and preponderance of the evidence and overrule appellant's
second point of error.

 In her third point of error, appellant argues that appellee engaged
in improper jury argument by urging jurors to place themselves "in the
shoes" of a party to the case. Appellee counters that its argument, even
if improper, was invited and provoked by similar argument from
appellant, and was insignificant in its effect on the jury's verdict.

 During her closing argument, appellant stated:

I like to think of a jury as the conscience of our community. 
I like to put my shoes on and think, "well, Audrey, how
would I feel?" . . . I cannot tell you. I cannot stand in her
shoes. . . . But I can stand in my shoes and think if this was
my wife how I would be pained. I can stand there and feel
that pain. I can feel the pain of humiliation that my wife
would have if that was her. 


To this, appellee responded:

None of them ever went to the police. [Appellant's counsel]
said "if somebody did this to my wife, I would be so angry." 
I tell you, if somebody did this to his wife, they would be at
the police station pressing charges, because if anybody did
that to your sisters, you go to the police. You wouldn't go
looking for a dime.

 Appellant made a proper objection to appellee's argument, but the
objection was overruled. We agree that the trial court erred in
overruling appellant's objection. Argument that appeals to the jurors to
place themselves in the position of a litigant and to consider their own
personal feelings in arriving at a verdict is improper. Southern Pac. Co.
v. Hayes, 391 S.W.2d 463, 468 (Tex. Civ. App.--Corpus Christi 1965,
writ ref'd n.r.e.). 

 To complain about improper jury argument, it is necessary to
show: (1) an error; (2) not invited or provoked; (3) that was preserved
by proper trial predicate, such as an objection, a motion to instruct, or
a motion for mistrial; (4) that was not curable by an instruction, a
prompt withdrawal of the statement, or a reprimand by the judge; and
(5) that the argument by its nature, extent, and degree constituted
reversibly harmful error. Standard Fire Ins. Co. v. Reese, 584 S.W.2d
835, 839 (Tex. 1979); NationsBank of Texas, N.A. v. Akin, Gump,
Hauer & Feld, L.L.P., 979 S.W.2d 385, 398 (Tex. App.--Corpus Christi
1998, pet. denied). "Reversibly harmful error" exists where the
probability that appellee's final argument caused harm is greater than
the probability that the verdict was grounded on proper proceedings
and the evidence. NationsBank v. Akin, Gump, 979 S.W.2d at 398; see
also Tex. R. App. P. 44.1. 

 In this case, appellant's jury argument "invited or provoked"
appellee's response. Furthermore, the main point of appellee's
improper argument was to cast doubt on the credibility of appellant's
testimony by arguing that she had not reacted as would be expected of
one who had been victimized in the way appellant described. This
argument went to the issue of whether sexual harassment actually
ocurred, an issue the jury resolved in appellant's favor, despite the
improper argument. To the extent appellee's improper argument went
to an issue that the jury resolved in appellant's favor, appellant suffered
no harm.

 Appellee's argument might also be interpreted as suggesting that
appellant suffered no mental anguish. However, as discussed in our
consideration of appellant's second point of error, appellant's evidence
of mental anguish did not meet the Parkway threshold for recovery of
these damages. We conclude that the probability that appellee's final
argument caused harm is less than the probability that the verdict was
grounded on proper proceedings and the evidence. See NationsBank
v. Akin, Gump, 979 S.W.2d at 398; see also Tex. R. App. P. 44.1. We
overrule appellant's third point of error. 

 The judgment of the trial court is affirmed. 

 MELCHOR CHAVEZ

 Justice


Do not publish.

TEX. R. APP. P. 47.3.


Opinion delivered and filed this

the 21st day of September, 2000.