**Zedric MILLER, Appellant,**

**v.**

**The STATE of Texas.**

**No. 1692–99.**

Court of Criminal Appeals of Texas.

Dec. 13, 2000.

---

Richard W. Kennedy, Tyler, for appellant.

Edward J. Marty, Asst. Dist. Atty., Tyler, Matthew Paul, State's Atty. Austin, for State.

## OPINION

PRICE, J., delivered the opinion of the Court in which MEYERS, HOLLAND, JOHNSON, and KEASLER, JJ., joined.

Our prior opinion, delivered November 8, 2000, is withdrawn.

Appellant Zedric Miller was found guilty of aggravated assault, and the jury recommended a sentence of 20 years imprisonment and a $10,000 fine. At the hearing on the State's Motion to Cumulate Sentences, Miller's attorney admitted that Miller was currently serving 30 years for two prior convictions. No other evidence of the two previous convictions or that Miller was the same person in the two convictions was presented. The trial court exercised its discretion under art. 42.08(a) of the Code of Criminal Procedure and "stacked" Miller's 20 year sentence with the previous two convictions. The Court of Appeals struck the order for cumulative sentencing, finding that the record contained no evidence that linked Miller with the two prior convictions in violation of our decision in *Turner v. State.*[1]

The State primarily argues that *Turner* is based on an improper construction of article 42.08(a) because *Turner* imposes an evidentiary burden although there is no express burden in the statute. Because a burden is implicit within the language of 42.08(a) and because the legislature is presumed to adopt a judicial interpretation when it has made changes to a statute that do not affect that interpretation, we hold *Turner* was decided correctly and the Court of Appeals has correctly stated the law. However, we find that Miller's counsel did admit his prior two convictions. Because the admission is sufficient evidence linking him to the prior convictions, we set aside the Court of Appeals's modification and otherwise affirm the judgment.

## FACTS

In 1998, a Smith County jury found Zedric Miller guilty of aggravated assault. The State filed a pretrial Motion to Cumulate Sentences in which two prior convictions were identified by cause number, date, and punishment assessed.[2] At the beginning of the hearing on the motion to cumulate sentences, the trial court asked defense counsel if he had explained cumulation and the present motion, to which the defense counsel responded in the affirmative.[3] Defendant also stated that 'cumulat-

---

1. See Miller v. State, No. 12–98–00214–CR (Tex.App.—Tyler Aug. 30, 1999) (not designated for publication) (citing *Turner v. State*, 733 S.W.2d 218 (Tex.Crim.App.1987)).

2. Miller had two prior convictions, one for deadly conduct and the other for aggravated assault, both from the 114th District Court, for which he had been sentenced to 10 and 20 years respectively. These prior sentences had also been cumulated. No record of these convictions was introduced at trial.

Since appeal to this court, the Court of Appeals affirmed the cumulation of the 10 and 20 year sentences in *Miller v. State*, 21 S.W.3d 327 (Tex.App.—Tyler 1999, pet. ref'd).

3. [COURT]: Counsel, if you'll explain to your client what we're talking about.
   [COUNSEL]: Yes, Judge, he is aware. I've shown him the motions that the State had filed previous to trial, ex[p]lained [sic] what that meant. Of course he knows what that meant. He's been through it before.

ing the sentence' meant "[s]tacking them."[4] Before handing down Miller's sentence at the punishment phase of the trial, the trial court heard arguments on the State's motion. After the State made its argument supporting the motion, defense counsel stated the following:

Your Honor, again, I would certainly oppose that. This defendant, Zederic [sic] Miller, has 30 years right now. Before this trial he had 30 years. Those are aggravated years. As it stands now ... he's not even eligible for parole until probably about 15 years down the road somewhere.... This jury, yeah, that he made a statement. [sic] They said this is bad. 20 years, $10 thousand. The Court—I wouldn't [sic] allowed to tell them that he was already serving 30 [years] .... 30 years is what he's serving right now, Your Honor.[5]

After listening to the arguments, the trial judge exercised his discretion under article 42.08(a) and granted the motion. Miller was thereby sentenced to 20 years imprisonment and a $10,000 fine, the prison term to run consecutively with the two prior convictions. While Judge Kent actually signed the final order, the trial judge who granted and heard arguments on the motion to cumulate was Visiting Judge Clapp.

On appeal, Miller argued that the cumulative order was void as the State introduced no evidence linking him with the two previous convictions. The Court of Appeals agreed citing our decision in *Turner*, which requires some evidence linking the defendant with the previous convictions. The Court struck the cumulative order, but affirmed the conviction in all other respects.[6] The State appeals this ruling.

## ARGUMENTS

The State basically argues that *Turner* and its supporting law were decided incorrectly and based on faulty premises. The State points to the plain language of article 42.08(a) and notes that there is no express requirement that it produce evidence to support the exercise of the trial court's discretion to cumulate sentences. Since there is no express requirement, the State argues that the judge has "absolute discretion." Furthermore, the State avers that if the legislature had intended to impose an evidentiary requirement in article 42.08(a), it could easily have done so by adding the phrase "when it is shown" as it did in article 42.12 § 3g(a)(2). Because there is no procedure or evidentiary requirement specified in article 42.08(a), the *Turner* court's premise that the proper procedures must be followed is illogical.[7] Thus, the State contends, *Turner* and its supporting cases are based on an improper construction of article 42.08(a).

The State also argues that cumulative sentencing is basically an administrative matter; either the defendant is serving another sentence or he is not. If he is not, then the prison system will ignore the faulty cumulation order, and the prisoner will only serve time for the current conviction. We disagree.

## DISCUSSION

In *Turner v. State*, the defendant was convicted of aggravated sexual assault. Prior to formal sentencing the trial court conducted a hearing on the State's motion for "consecutive sentencing" pursuant to art. 42.08.[8] The trial court granted the motion despite the fact that the record contained no evidence of the prior conviction or any evidence linking the defendant

---

4. [COURT]: I want him to tell the Court as a matter of records what the meaning of that is.
   [COUNSEL]: Do you know what the meaning of cumulating the sentence is?
   [DEFENDANT]: Stacking them, Your Honor.

5. Ct.R., vol. VI, at 134.

6. Miller, No. 12–98–00214, slip op. at 4–5.

7. *See Turner*, 733 S.W.2d at 221.

8. *See id.* at 219.

to the prior conviction.[9] After outlining the history of art. 42.08 and noting case law dating back to 1899 that required some evidence linking the defendant to the prior conviction, we reversed the trial court.[10] Since there was no evidence of the prior conviction or evidence linking the defendant with the prior conviction, the cumulation order was invalid.[11]

In statutory construction, we begin with the language of the statute, and if the language is clear, it is not for the judiciary to add to or subtract from the statute.[12] In addition, it is presumed that the legislature is aware of case law affecting or relating to the statute.[13] "When the Legislature meets, after a particular statute has been judicially construed, without changing that statute, we presume the legislature intended the same construction should continue to be applied to that statute." [14] Or stated another way, "[w]hen a statute is reenacted without material change, it is generally presumed that the legislature knew and adopted or approved the interpretation placed on the original act, and intended that the new enactment should receive the same construction as the old one." [15]

Article 42.08(a) reads in pertinent part:

When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction . . . . in the discretion of the court, the judgment in the second and subsequent convictions may either [run consecutively or concurrently].

Although there does not appear to be an express evidentiary requirement for linking the defendant to a prior conviction, the statute does state that the defendant must have been convicted in two or more cases. By implication, before a judge may exercise his discretion to cumulate, he must be aware of a prior conviction.[16]

Moreover, we presume that the Legislature has been aware of our construction of article 42.08(a) and its forerunners for over 100 years. The *Turner* decision was based on over 100 years of case law construing article 42.08 and its predecessors. As we outlined in *Turner*, the substance of article 42.08(a) remains largely the same as original article 800 of 1879 despite several amendments, the most notable occurring in 1919, which gave judges the discretion to cumulate.[17] Also, the earliest case to require some evidence that links a defendant with a prior conviction was *Bullard v. State* in 1899.[18] Since *Bullard*, we have continued to require some evidence connecting a defendant with prior convictions.[19]

9. *See id.*

10. *See id.* at 219–23.

11. *See id.* at 223.

12. *See Boykin v. State*, 818 S.W.2d 782 (Tex. Crim.App.1991).

13. *See Grunsfeld v. State*, 843 S.W.2d 521, 523 (Tex.Crim.App.1992).

14. *Marin v. State*, 891 S.W.2d 267, 271–72 (Tex.Crim.App.1994).

15. *Ex parte Henderson*, 565 S.W.2d 50, 54 (Tex.Crim.App.1978) (Onion, P.J., concurring); *see also, Moosani v. State*, 914 S.W.2d 569, 575 (Tex.Crim.App.1995) (Baird, J., dissenting) ("When the Legislature amends other portions of the statute, but declines to change the specific language before the Court, we presume legislative approval of our statutory interpretations.").

16. *See Bell v. State*, 994 S.W.2d 173, 175 (Tex.Crim.App.1999) (Johnson, J., concurring).

17. *See Turner*, 733 S.W.2d at 220–21.

18. 40 Tex.Crim. 270, 50 S.W. 348 (1899) ("We hold that, unless record evidence of former convictions of the defendant is introduced, together with oral evidence of his identity unless the convictions occurred at the same term ... the court will not be authorized to make the sentence cumulative.")

19. *See Turner*, 733 S.W.2d at 221–22.

Under the rules of statutory construction described above, we must presume that the legislature was fully aware of both *Bullard* and *Turner*. From 1899 to the present, no amendment by the legislature has cast these decisions in doubt. In fact, after the *Turner* decision in June of 1987, the legislature has amended article 42.08 two times.[20] As neither amendment negates or alters our interpretation of article 42.08, we presume that the legislature approved of and adopted our interpretation of article 42.08(a) and its predecessors in *Bullard* and *Turner*.

While it is true that article 42.08(a) does not contain the words "when it is shown" as in article 42.12 § 3g(a)(2), our interpretation of article 42.08 predates the language of article 42.12 § 3g(a)(2). If the legislature disapproved of our interpretation of article 42.08(a) and its forerunners, it could have made the appropriate amendments. Moreover, article 42.12 § 3g(a)(2) does not deal with cumulative sentencing. It seems unusual that the legislature would disapprove of over 100 years of uniform interpretation by using the words "when it is shown" in an unrelated statute.

We further disagree with the State's characterization of cumulation as merely an administrative act. To be sure, the act of cumulating is in part an administrative activity, and there must be sufficient, specific information that would allow the Texas Department of Criminal Justice—Institutional Division to identify the prior conviction with the new one.[21] But, as we noted above, before a judge can exercise his discretion to cumulate, the defendant must be eligible for cumulative sentencing.[22] In order to be eligible for cumulative sentencing, a defendant must have "been convicted in two or more cases," and the sentence in the earlier case or cases must not have been fully served.[23] If a defendant has not been previously convicted as required by the statute, then the trial judge does not have the discretion or authority to cumulate the sentences. Only when the record contains some evidence that links the defendant to the prior convictions is the trial judge's authority under 42.08(a) triggered.[24] In other words, the record must support the trial judge's exercise of discretion.[25]

**20.** *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.11, 1989 Tex.Gen.Laws 3495; Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 5.03, 1993 Tex.Gen.Laws 3752, 3753.

**21.** *See Bell*, 994 S.W.2d at 174–75. We further note that *Bell* should not be read to call *Turner* into question. *Bell* was interpreting art. 42.08(b) and not 42.08(a). Article 42.08(a) is applicable to all cases not falling within sections (b) or (c) and gives the trial court the discretion whether to cumulate. Article 42.08(b), on the other hand, gives the trial court no discretion and was meant to deal with a specific situation, a second crime committed while in prison. By its nature, it will be clear if a crime was committed while in prison and thus falls within the purview of art. 42.08(b); a *Turner* style evidentiary burden is not necessary. In *Bell*, we recognized that, "[b]ecause of the different natures of cumulation orders entered either pursuant to subsection (a) or (b) [of art. 42.08], an order entered pursuant to subsection (b) will entail different ... less stringent requirements of proof and specificity than have been classically required of a subsection (a) cumulation order." *Id.* at 174.

**22.** *See* Tex.Code Crim.Proc.Ann. art. 42.08(a) (Vernon Supp .2000); *Turner*, 733 S.W.2d at 221; *cf. Bell*, 994 S.W.2d at 175 (Johnson, J., concurring) ("Nevertheless, it is not TDCJ ID but the trial court who must be aware, at trial, of appellant's status ... .").

**23.** Tex.Code Crim.Pro.Ann. art. 42.08(a) (Vernon Supp.2000).

**24.** *See Turner*, 733 S.W.2d at 221 (noting several methods of linking a defendant to prior convictions); Daniel v. State, 585 S.W.2d 688, 690–91 (Tex.Crim.App.1979).

**25.** *See Bullard v. State*, 40 Tex.Crim. 270, 50 S.W. 348, 349 (Tex.Crim.App.1899) (finding the trial court did not have authority to cumulate when "no record [was] presented of his conviction, nor was the court furnished any data as to whether he was serving a term in one or more cases in the penitentiary, or the length of said terms, or how much longer he had to serve.... [Thus,]under the law and evidence adduced upon this question, there was no authority before the court authorizing the court to make the sentence cumulative."); *Turner*, 733 S.W.2d at 221–23.

Even though we reject the State's arguments and find that the Court of Appeals has correctly relied on *Turner*, we find that the Court of Appeals incorrectly applied the law to the facts of this case.

In *Turner*, we stated that an admission by a defendant was sufficient evidence to link the defendant to his prior convictions.[26] Furthermore, in *Resanovich v. State*, we found that the defendant had admitted prior convictions and his status as an inmate when his counsel said: "It [prior conviction for theft] has not been discharged, your Honor, *he is currently serving it*. ... He's serving both of them [convictions for theft and murder]."[27] Although *Resanovich* dealt with art. 42.08(b), we distinguished its facts from *Turner* by noting the defense counsel's admission in *Resanovich* that was absent from *Turner*.[28] "Here, appellant's counsel admitted at sentencing ... that appellant was incarcerated and currently serving the murder sentence.... In addition, in *Turner* the sentence was cumulated on a sentence of a case which was on appeal and neither Turner nor his counsel admitted that he was serving the sentence to which the new sentence would be cumulated."[29] We think the case at bar fits within our discussion of *Turner* in *Resanovich*.

Here, unlike in *Turner*, Miller's counsel admitted three times at the hearing on the motion that Miller was "serving 30 years right now."[30] The motion had been filed pretrial, it identified the convic-

tions by cause number and the name of the offense, and it stated the punishments assessed. The trial court took pains to ensure that the defendant understood what was occurring, and defense counsel made it clear that the motion had been explained to and understood by Miller. Furthermore, the district attorney twice described the sentences at the hearing and said that they had previously been stacked.[31] In granting the motion, the judge also made it clear that all three sentences were to be stacked.[32] Miller and his counsel were aware of the convictions that the State intended to stack, and, far from refuting the representations of the State, defense counsel made arguments that were perfectly consistent with the State's motion and representations.

By admitting that he already was serving 30 years (the total punishment assessed for the prior two convictions), Miller's counsel admitted that Miller indeed had the two prior convictions identified in the Motion to Cumulate Sentences.[33] Under *Turner*, this admission constitutes sufficient evidence linking Miller to the two prior convictions.

## CONCLUSION

We find that the Court of Appeals correctly relied on our decision in *Turner* and that case's interpretation of article 42.08(a). We further hold that Miller admitted the two prior convictions that

---

**26.** *Turner*, 733 S.W.2d at 221.

**27.** 906 S.W.2d 40, 41–42 (Tex.Crim.App. 1995).

**28.** See id. at 42.

**29.** Id.

**30.** Ct.R., vol. VI, at 134.

**31.** "Got 20 years on the case of Lindsey Park, got 10 years out of this same incident. The jury reduced it to deadly conduct against Leo Aleman. Judge Kent stacked those on top of each other. We came back to the trial on the offense against Oscar Cocolan." *Id.* at 133.

Also, "With the jury speaking that strong, with the kinds [sic] of defendant. we have seated here today, we're going to ask that he be given-that he's been given his day in court as he has, and that this sentence be stacked upon the 10 and 20 he's already gotten, which is contained in the motion, Your Honor." *Id.* at 134.

**32.** The trial judge said after sentencing Miller to 20 years imprisonment and a $10,000 fine, "So that you [Miller] will understand what the Court is saying, the Court is saying these three sentences that you have now received shall all three of them be stacked."

**33.** See *Resanovich*, 906 S.W.2d at 42.

formed the basis of the cumulation order. The Court of Appeals's modification of the appellant's sentence is set aside, and the judgment is otherwise affirmed.

WOMACK, J., filed an opinion concurring in the judgment and dissenting from the order to publish, in which KELLER, J., joins.

We granted discretionary review to consider whether a judgment of conviction could order that the sentence be cumulated if there was no evidence to prove that another sentence had been imposed on the defendant. Our decision turned out to be improvident because, as the Court holds *ante* at 9–11, the record of this case contains sufficient evidence that other sentences had been imposed on the defendant. The case does not present the issue we agreed to resolve. The Court's discussion of the issue, *ante* at 5–9, is at most an advisory opinion of little or no precedential value. We should dismiss the State's Petition as improvidently granted. Now that we have expended our resources on the case, we should grant review on our own motion and reverse the judgment of the court of appeals in an unpublished opinion.

I concur in the judgment and dissent from the decision to publish.