BILLINGSLEY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    
NOS.
 
2-03-122-CR

2-03-123-CR

2-03-124-CR

MACKIEL BILLINGSLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Factual and Procedural Background

On October 19, 22, and 24, 2002, a series of “grab-and-run” thefts occurred at Foley’s Department stores in Hurst and Arlington, Texas.  On October 19, two men ran into the Hurst Foley’s, grabbed as much merchandise as possible, and ran outside to a waiting blue Ford Contour, license plate L66 MKT.  On October 22, a similar event occurred at the Arlington Foley’s.  Two men came into the store, grabbed several Perry Ellis leather coats, and drove away in a blue car.  On October 24, a man walked into the same Arlington Foley’s and began looking at the Perry Ellis leather coats.  When he discovered that loss prevention had criss-crossed the hangers on the rack to make it more difficult to grab a lot of merchandise off of the rack at one time, he methodically began placing the hangers in the same direction.  A Foley’s loss prevention officer noticed this behavior on a video monitor and alerted several other loss prevention officers that one of the men from the previous grab-and-run was back in the store.  The man was able to grab the coats and run out the door before the loss prevention officers could reach him.  Foley’s employees testified that he escaped in a blue Ford, license plate L66 MKT.

Appellant Mackiel Billingsley was charged with multiple counts of theft over $1,500 but less than $20,000.  Several witnesses at trial identified Appellant as a participant in the grab-and-run thefts on October 19, 22, and 24.  A jury found Appellant guilty on three charges of theft and sentenced him to two years’ confinement in State jail for each offense.  The trial court ordered that Appellant’s sentences would not commence until Appellant completed serving his sentence on a previous conviction for burglary of a habitation.  In two points, Appellant claims that the trial court improperly cumulated Appellant’s sentences, and challenges the legal sufficiency of the evidence.  We affirm.

Discussion

The standard of review applied in determining the validity of a cumulation order is abuse of discretion.  
See Medina v. State
, 7 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 1999, no pet.); 
see also 
Tex. Code Crim. Proc. Ann.  
art. 42.08(a) (Vernon Supp. 2004).  Under article 42.08(a) of the Texas Code of Criminal Procedure, when a defendant has two or more convictions, 

in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases.

Tex. Code Crim. Proc. Ann. 
art. 42.08(a).  There must be evidence in the record that links a defendant to his prior conviction before the trial court can utilize its discretion under article 42.08(a) to impose cumulative sentences.  
See Miller v. State
, 33 S.W.3d 257, 261 (Tex. Crim. App. 2000).  

At trial, Appellant testified that he was on parole for driving while intoxicated and burglary of a habitation.  Despite Appellant’s admission at trial, he contends that the record does not support the trial court’s cumulation order.  Appellant claims that his admission regarding a previous burglary conviction by itself is not sufficient because there is no reference to the actual cause number for his prior conviction in the record.

A defendant’s admission constitutes sufficient evidence to tie him to his prior convictions.  
Id.
 at 262 (citing 
Turner v. State
, 733 S.W.2d 218, 221 (Tex. Crim. App. 1987)); 
Resanovich v. State
, 906 S.W.2d 40, 42 (Tex. Crim. App. 1995) (stating defendant’s failure to object to the State’s submission regarding his prior murder conviction constitutes valid proof in support of the State’s submission).  Furthermore, there was additional evidence before the trial court that tied Appellant to the burglary of a habitation conviction.  On March 19, 2003, the State filed a request for consecutive sentences in all three theft cases.  In each motion, the State included a paragraph stating:

1.  On August 3, 1992, the Defendant was convicted of Burglary of a Habitation in Cause No. 0472691A.  The Defendant was sentenced to 10 years in the Institutional Division of the Texas Department of Criminal Justice.  The Defendant was paroled on such charge and then absconded from parole.  As such, his parole was extended until such time as the Defendant could be found.  His current expiration of his parole for the 1992 conviction is now August 3, 2006.  On March 19, 2003, this Defendant is set for trial in Cause No. 0867177, 0867178, and 0866171 for the offenses of Theft 1500-20,000.  This is in addition to the parole violation charge he is facing out of these cases.  

Because the State’s motion for consecutive sentencing did in fact state the cause number for Appellant’s conviction on burglary of a habitation, we overrule Appellant’s first point.

In Appellant’s second point, he contends that the evidence is legally insufficient to sustain his conviction for the charged offense of theft that occurred on October 19, 2002.  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

Appellant argues that the evidence is legally insufficient to establish his identity as the person committing the theft that occurred on October 19, 2002, because no person that actually observed the October 19 incident identified Appellant as a participant.  As part of its burden to prove guilt beyond a reasonable doubt, the State must show that the defendant is the person who committed the charged offense.  
Miller v. State
, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984).  Identity can be proven by direct or circumstantial evidence.  
Earls v. State
, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); 
Meeks v. State
, 897 S.W.2d 950, 954-55 (Tex. App.—Fort Worth 1995, no pet.).  Identity can also be established by inferences.  
Clark v. State
, 47 S.W.3d 211, 214 (Tex. App.—Beaumont 2001, no pet.).  

At trial, Detective Dennis Bramlett with the Hurst Police Department testified that license plate L66 MKT, identified as the license plate on the car used in the October 19 incident, was registered to Appellant.  He positively identified Appellant as the individual captured on videotape during the October 19 theft.  In addition to Detective Bramlett’s in-court identification, the videotape of the October 19 theft was available for the jury to review.  Based on our review of the evidence, including the videotape, we conclude that a rational jury could find that Appellant committed the October 19 theft.  The evidence is legally sufficient to support Appellant’s conviction, and we overrule his second point.   

Conclusion

Having overruled all of Appellant’s points, we affirm the trial court’s judgments.

PER CURIAM

PANEL A: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 8, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.