COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
                                                
NOS.   2-03-122-CR
2-03-123-CR
2-03-124-CR
  
  
MACKIEL 
BILLINGSLEY                                                          APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
Factual and 
Procedural Background
        On 
October 19, 22, and 24, 2002, a series of “grab-and-run” thefts occurred at 
Foley’s Department stores in Hurst and Arlington, Texas. On October 19, two 
men ran into the Hurst Foley’s, grabbed as much merchandise as possible, and 
ran outside to a waiting blue Ford Contour, license plate L66 MKT. On October 
22, a similar event occurred at the Arlington Foley’s. Two men came into the 
store, grabbed several Perry Ellis leather coats, and drove away in a blue car. 
On October 24, a man walked into the same Arlington Foley’s and began looking 
at the Perry Ellis leather coats. When he discovered that loss prevention had 
criss-crossed the hangers on the rack to make it more difficult to grab a lot of 
merchandise off of the rack at one time, he methodically began placing the 
hangers in the same direction. A Foley’s loss prevention officer noticed this 
behavior on a video monitor and alerted several other loss prevention officers 
that one of the men from the previous grab-and-run was back in the store. The 
man was able to grab the coats and run out the door before the loss prevention 
officers could reach him. Foley’s employees testified that he escaped in a 
blue Ford, license plate L66 MKT.
        Appellant 
Mackiel Billingsley was charged with multiple counts of theft over $1,500 but 
less than $20,000. Several witnesses at trial identified Appellant as a 
participant in the grab-and-run thefts on October 19, 22, and 24. A jury found 
Appellant guilty on three charges of theft and sentenced him to two years’ 
confinement in State jail for each offense. The trial court ordered that 
Appellant’s sentences would not commence until Appellant completed serving his 
sentence on a previous conviction for burglary of a habitation. In two points, 
Appellant claims that the trial court improperly cumulated Appellant’s 
sentences, and challenges the legal sufficiency of the evidence. We affirm.
Discussion
        The 
standard of review applied in determining the validity of a cumulation order is 
abuse of discretion. See Medina v. State, 7 S.W.3d 876, 879 (Tex. 
App.—Houston [1st Dist.] 1999, no pet.); see also Tex. Code Crim. Proc. Ann. art. 42.08(a) 
(Vernon Supp. 2004). Under article 42.08(a) of the Texas Code of Criminal 
Procedure, when a defendant has two or more convictions,
 
in 
the discretion of the court, the judgment in the second and subsequent 
convictions may either be that the sentence imposed or suspended shall begin 
when the judgment and the sentence imposed or suspended in the preceding 
conviction has ceased to operate, or that the sentence imposed or suspended 
shall run concurrently with the other case or cases.
 
Tex. Code Crim. Proc. Ann. art. 
42.08(a). There must be evidence in the record that links a defendant to his 
prior conviction before the trial court can utilize its discretion under article 
42.08(a) to impose cumulative sentences. See Miller v. State, 33 S.W.3d 
257, 261 (Tex. Crim. App. 2000).
        At 
trial, Appellant testified that he was on parole for driving while intoxicated 
and burglary of a habitation. Despite Appellant’s admission at trial, he 
contends that the record does not support the trial court’s cumulation order. 
Appellant claims that his admission regarding a previous burglary conviction by 
itself is not sufficient because there is no reference to the actual cause 
number for his prior conviction in the record.
        A 
defendant’s admission constitutes sufficient evidence to tie him to his prior 
convictions. Id. at 262 (citing Turner v. State, 733 S.W.2d 218, 
221 (Tex. Crim. App. 1987)); Resanovich v. State, 906 S.W.2d 40, 42 (Tex. 
Crim. App. 1995) (stating defendant’s failure to object to the State’s 
submission regarding his prior murder conviction constitutes valid proof in 
support of the State’s submission). Furthermore, there was additional evidence 
before the trial court that tied Appellant to the burglary of a habitation 
conviction. On March 19, 2003, the State filed a request for consecutive 
sentences in all three theft cases. In each motion, the State included a 
paragraph stating:
 
1. 
On August 3, 1992, the Defendant was convicted of Burglary of a Habitation in 
Cause No. 0472691A.  The Defendant was sentenced to 10 years in the 
Institutional Division of the Texas Department of Criminal Justice.  The 
Defendant was paroled on such charge and then absconded from parole.  As 
such, his parole was extended until such time as the Defendant could be 
found.  His current expiration of his parole for the 1992 conviction is now 
August 3, 2006.  On March 19, 2003, this Defendant is set for trial in 
Cause No. 0867177, 0867178, and 0866171 for the offenses of Theft 
1500-20,000.  This is in addition to the parole violation charge he is 
facing out of these cases.
 
 
Because 
the State’s motion for consecutive sentencing did in fact state the cause 
number for Appellant’s conviction on burglary of a habitation, we overrule 
Appellant’s first point.
        In 
Appellant’s second point, he contends that the evidence is legally 
insufficient to sustain his conviction for the charged offense of theft that 
occurred on October 19, 2002. In reviewing the legal sufficiency of the evidence 
to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have 
found the essential elements of the crime beyond a reasonable doubt. Jackson 
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. 
State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). This standard gives full 
play to the responsibility of the trier of fact to resolve conflicts in the 
testimony, to weigh the evidence, and to draw reasonable inferences from basic 
facts to ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. 
When performing a legal sufficiency review, we may not sit as a thirteenth 
juror, re-evaluating the weight and credibility of the evidence and, thus, 
substituting our judgment for that of the fact finder. Dewberry v. State, 
4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 
(2000).
        Appellant 
argues that the evidence is legally insufficient to establish his identity as 
the person committing the theft that occurred on October 19, 2002, because no 
person that actually observed the October 19 incident identified Appellant as a 
participant. As part of its burden to prove guilt beyond a reasonable doubt, the 
State must show that the defendant is the person who committed the charged 
offense. Miller v. State, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984). 
Identity can be proven by direct or circumstantial evidence. Earls v. State, 
707 S.W.2d 82, 85 (Tex. Crim. App. 1986); Meeks v. State, 897 S.W.2d 950, 
954-55 (Tex. App.—Fort Worth 1995, no pet.). Identity can also be established 
by inferences. Clark v. State, 47 S.W.3d 211, 214 (Tex. App.—Beaumont 
2001, no pet.).
        At 
trial, Detective Dennis Bramlett with the Hurst Police Department testified that 
license plate L66 MKT, identified as the license plate on the car used in the 
October 19 incident, was registered to Appellant. He positively identified 
Appellant as the individual captured on videotape during the October 19 theft. 
In addition to Detective Bramlett’s in-court identification, the videotape of 
the October 19 theft was available for the jury to review. Based on our review 
of the evidence, including the videotape, we conclude that a rational jury could 
find that Appellant committed the October 19 theft. The evidence is legally 
sufficient to support Appellant’s conviction, and we overrule his second 
point.
Conclusion
        Having 
overruled all of Appellant’s points, we affirm the trial court’s judgment.
  
 
                                                                  PER 
CURIAM
  
 
PANEL 
A:   HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 8, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.