

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00140-CR

**JOE SIDNEY WILLIAMS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2009-117-C2

## MEMORANDUM  OPINION

Joe Sidney Williams appeals from his conviction for evading arrest or detention in a motor vehicle, enhanced by a prior conviction for evading arrest in a motor vehicle and a prior burglary conviction to a second degree felony for purposes of punishment. TEX. PEN. CODE ANN. §§ 38.04; 12.42 (Vernon 2003).  Based on the jury's verdict on punishment, the trial court sentenced Williams to imprisonment in the Texas Department of Criminal Justice – Institutional Division for twenty (20) years and a fine of $1,000.00.  TEX. PEN. CODE ANN. 12.33 (Vernon 2003).  Williams complains that the evidence was insufficient for the trial court to have stacked his sentence on top of a

prior sentence assessed in the same trial court approximately one year before and that the trial court abused its discretion by not admitting testimony from a prior trial in the punishment phase of the trial. Because we find no error, we affirm the judgment of the trial court.

*Cumulative Sentences*

Williams complains that the trial court erred in its finding that the sentence imposed in this cause should be served consecutively because there was no evidence before the trial court regarding his prior sentence or that he was the same defendant that was sentenced previously. Prior to trial, the State gave notice of its request to cumulate the sentence in the event of a conviction. The notice included the information on the prior conviction and sentence the State sought to be stacked.

A trial court has the discretion to order that a defendant's sentence does not begin until the defendant's sentence in a preceding conviction has ceased to operate. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon 2005). It is not necessary that a certified copy of a prior conviction be admitted into evidence to support a request for a cumulative sentence; however, there must be "some evidence" of a prior conviction and that the defendant was the person convicted. *Mungaray v. State*, 188 S.W.3d 178, 184 (Tex. Crim. App. 2006); *Miller v. State*, 33 S.W.3d 257, 260 (Tex. Crim. App. 2000).

"Some evidence" may consist of admissions by the defendant's lawyer, testimony given during trial, admissions by the defendant, and undisputed assertions by the State that a defendant has been previously convicted. *See Mungaray*, 188 S.W.3d

184; *see also Miller*, 33 S.W.3d at 262 (elements of "stacking" order can be established by admissions of one party and undisputed assertions by other party).

In the punishment phase of Williams's trial, Williams sought to introduce a transcript of testimony of a witness from his prior trial. The State objected to the introduction of the transcript as hearsay and the trial court sustained that objection. Williams later made an offer of proof outside of the presence of the jury during which the previous cause number was presented to the trial court and the trial court noted that the transcript was on file with this Court.[1] During that discourse, the trial court took judicial notice of that proceeding without objection by either Williams or the State. That proceeding had also taken place in the same trial court.

Additionally, the trial court allowed Williams to address the trial court outside of the presence of the jury during the punishment phase. Williams acknowledged that he had already been to trial for the charge that formed the basis of the stacking order.

We find that there was some evidence of the prior conviction, and therefore, the trial court's cumulation of the sentences was not improper. We overrule issue one.

*Improper Exclusion of Evidence*

Williams complains that the trial court abused its discretion by sustaining the State's objection to the admission of testimony from a witness from a prior trial pursuant to rule 804(b)(1) of the Texas Rules of Evidence. In determining whether a

---

[1] The prior conviction was appealed to this Court in Cause Number 10-09-00227-CR, *Joe Sidney Williams v. State*.

trial court erred in admitting or excluding evidence, the standard of review is for an abuse of discretion. *Mozon v. State*, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999).

Rule 804(b)(1) allows the introduction of testimony from a prior proceeding if a witness is unavailable to testify and the opposing party had an "opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." TEX. R. EVID. 804(b). Williams offered the transcript of the testimony of a witness from his prior trial during the punishment phase of the trial in response to the State's evidence relating to his prior criminal conduct. Williams offered the transcript into evidence as his offer of proof, but made no reference to the witness's unavailability.

It is the burden of the proponent of testimony to establish that a witness is "unavailable" as defined by Rule 804(a). For example, for purposes of Rule 804(a)(5), the proponent of testimony must demonstrate that a good-faith effort was made prior to trial to locate and present the witness. *See Loun v. State*, 273 S.W.3d 406, 420 (Tex. App.—Texarkana 2008, no pet.); *Reyes v. State*, 845 S.W.2d 328, 331 (Tex. App.—El Paso 1992, no pet.).

Here, the record is silent as to whether the witness is in fact unavailable, for what reason she was unavailable, or what Williams had done to attempt to secure her presence at trial. Because Williams did not establish that the witness was unavailable, the trial court did not abuse its discretion in sustaining the State's objection to the testimony. We overrule issue two.

*Conclusion*

We find that the trial court did not err in cumulating Williams's sentence with his prior conviction.  Further, we find that the trial court did not abuse its discretion in its refusal to admit the testimony of a witness from Williams's prior trial.  We affirm the judgment of the trial court.


                                        TOM GRAY
                                        Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed September 8, 2010
Do not publish
[CR25]