# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00511-CR

**Manuel Perales, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY, NO. C-1-CR-12-500040, HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Manuel Perales was charged with the crime of public lewdness. *See* Tex. Penal Code § 21.07. Specifically, Perales was alleged to have touched the genitals of I.S. with his hand while in a public place. The jury charge contained instructions for public lewdness and alternative instructions for the offense of assault. *See id.* § 22.01 (listing elements for assault and stating that, in general, offense without causing bodily injury is Class C misdemeanor). At the end of the trial, the jury found Perales guilty of public lewdness, and the trial court imposed a sentence of 120 days' imprisonment but suspended the sentence and placed Perales under community supervision for seventeen months. *See id.* § 21.07(b) (specifying that offense is Class A misdemeanor); *see also id.* § 12.21 (stating that punishment for Class A misdemeanor may not exceed one year). Shortly after the trial court imposed its sentence, Perales appealed his conviction. We will affirm the trial court's judgment of conviction.

**DISCUSSION**

On appeal, Perales presents four issues challenging his conviction. In his first two issues, Perales asserts that the evidence supporting his conviction is legally insufficient. In his last two issues, Perales contends that the jury charge was erroneous.

**Legal Sufficiency**

As summarized above, in his first and second issues, Perales argues that the evidence was insufficient to support his conviction for public lewdness. Under the Penal Code, an individual commits public lewdness "if he knowingly engages in . . . a public place . . . [an] act of sexual contact." Tex. Penal Code § 21.07. Moreover, the Penal Code clarifies that the term "'[s]exual contact' means, except as provided by Section 21.11, any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." *Id.* § 21.01(2).

In his first issue, Perales contends that the evidence was insufficient to show that he touched I.S.'s genitals with his hand. When presenting this argument, Perales acknowledges the evidence indicating that he touched I.S. while in a public place, but he insists that, at most, the evidence only shows that he touched I.S.'s genitals "over her jeans." Moreover, Perales urges that under the various governing statutes, an individual cannot be found guilty of public lewdness or other sexual offenses if the allegedly improper sexual contact occurs through someone's clothing. Although Perales agrees that prior cases have upheld convictions for sexual offenses where the touching occurred through someone's clothing, he contends that those cases either involved conduct that pre-dated amendments that the legislature made to the Penal Code in 2001 or ignored those amendments. *See* Act of May 23, 2001, 77th Leg., R.S., ch. 739, §§ 1-2, secs. 21.01, 21.11, 2001

2

Tex. Gen. Laws 1463, 1463; *see, e.g.*, *Resnick v. State*, 574 S.W.2d 558, 559-60 (Tex. Crim. App. 1978) (noting that placement of fabric between individual's hand and genitals of another person does not prohibit determination that touching was sexual contact because touching will still be perceived); *Coutta v. State*, 385 S.W.3d 641, 653 (Tex. App.—El Paso 2012, no pet.) (mentioning current definition of "sexual contact" and explaining that contact "need not be flesh-on-flesh but may occur despite existence of a cloth or other barrier which prevents or impedes flesh-on-flesh contact"); *Pleasant v. State*, No. 03-04-00691-CR, 2005 Tex. App. LEXIS 10227, at *7-11 (Tex. App.—Austin Dec. 9, 2005, pet. ref'd) (mem. op., not designated for publication) (determining that instruction that sexual contact may be through clothing was proper under statutes prior to amendments); *Steinbach v. State*, 979 S.W.2d 836, 839-40 (Tex. App.—Austin 1998, pet. ref'd) (concluding that absence of flesh-upon-flesh contact under statutes in effect prior to amendments did not prohibit determination that evidence supporting prostitution conviction was sufficient).

The first amendment was made to the indecency-with-a-child statute and added a specific definition of "sexual contact" to that provision. Act of May 23, 2001, ch. 739, § 2, sec. 21.11(c), 2001 Tex. Gen. Laws at 1463. Under the current version of that statute, the legislature has explained that sexual contact means "any touching by a person, *including touching through clothing*, of the anus, breast, or any part of the genitals of a child" or "any touching of any part of the body of a child, *including touching through clothing*, with the anus, breast, or any part of the genitals of a person." Tex. Penal Code § 21.11(c) (emphases added). When that amendment was made, the legislature also amended the general definition for "sexual contact" used in statutes pertaining to other sexual offenses by adding the phrase "except as provided by Section 21.11." Act of May 23, 2001, ch. 739, § 1, sec. 21.01, 2001 Tex. Gen. Laws at 1463.

In light of the facts that the public-lewdness provision uses the general definition, that the general definition for "sexual contact" now reads "except as provided by" the provision prohibiting indecency with a child, and that the indecency-with-a-child provision includes "touching through clothing" within the meaning of "sexual contact," Perales reasons that the legislature intended to exempt from public lewdness contact that occurs through someone's clothing. In his brief, Perales reasons that "[b]ecause the language in Section 21.01(2) specifically excludes the definition in Section 21.11, Section 21.01(2), by definition, excludes 'touching through clothing.'" In other words, Perales contends that someone can only be convicted of public lewdness if the evidence shows that he made direct contact with "the anus, breast, or any part of the genitals of another person." *See* Tex. Penal Code § 21.01(2). As support for this proposition, Perales invokes various rules of statutory construction, *see* Tex. Gov't Code §§ 311.021 (explaining that courts should presume that entire statute is intended to be effective),.026 (providing guidance regarding conflicts between general and specific statutes), and then argues that because the evidence in this case only established that the touching occurred through I.S.'s jeans, the evidence is legally insufficient to support his conviction.

As a preliminary matter, we note that the intent of the legislature when it amended the general definition of "sexual contact" to add "except as provided by Section 21.11" is not entirely clear. However, one of our sister courts confronted this same issue and concluded that the amendment did not "implicitly change[] the general definition to exclude touching through clothing." *Williams v. State*, No. 05-03-00648-CR, 2004 Tex. App. LEXIS 499, at *5 (Tex. App.—Dallas Jan. 21, 2004, no pet.) (not designated for publication). In reaching this conclusion, the court noted that

4

"[t]he legislature did not amend the operative language of the general definition." *Id.* Accordingly, the court presumed that "the legislature intended the same construction to continue to be applied to the general definition." *Id.*

We agree with our sister court. When construing statutes, we presume that the legislature was aware "of case law affecting or relating to the statute." *Miller v. State*, 33 S.W.3d 257, 260 (Tex. Crim. App. 2000). Moreover, if the legislature reenacts a statute without materially changing it, we must also presume that the legislature was aware of judicial constructions of the prior version, endorsed those constructions, and intended the reenacted provision to be construed in the same manner. *Id.* If the legislature had intended to completely remove actions performed through clothing from the definition of "sexual contact," we believe that the legislature would have more clearly and more plainly indicated that. Moreover, the construction suggested by Perales would lead to the absurd results identified by the court of criminal appeals when it rejected this argument prior to the amendments. *See Resnick*, 574 S.W.2d at 560 (concluding that exempting actions occurring through clothing would prevent prosecution for defendants who engage in lewd behavior while wearing gloves).

For these reasons, we overrule Perales's first legal sufficiency challenge.

In his second issue, Perales contends that his conviction should be reversed because there was legally insufficient evidence to show that he acted with an intent to arouse or gratify the sexual desire of any person. *See* Tex. Penal Code §§ 21.01(2), .07. As support for this argument, Perales points out that the testimony from the various witnesses indicated that the incident was brief and that the bar where it occurred was "crowded and rowdy." Further, Perales contends that

5

no evidence was introduced regarding his "intent when he touched the complainant in front of several colleagues in a crowded bar."

Under a legal-sufficiency review, appellate courts view the evidence in the light most favorable to the verdict and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). When performing this review, an appellate court must bear in mind that it is the factfinder's duty to weigh the evidence, to resolve conflicts in the testimony, and to make reasonable inferences "from basic facts to ultimate facts." *Id.* Moreover, appellate courts must "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). Furthermore, appellate courts presume that conflicting inferences were resolved in favor of the conviction and defer to that resolution. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In addition, the sufficiency of the evidence is evaluated against the elements of the offense from a "'hypothetically correct jury charge.'" *Miles v. State*, 357 S.W.3d 629, 632 (Tex. Crim. App. 2011) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).[1]

Moreover, "[t]he specific intent to arouse or gratify the sexual desire of a person can be inferred from conduct, remarks, or all the surrounding circumstances" including conduct occurring

---

[1] As will be discussed more thoroughly in his remaining issues, Perales contends that the jury charge was improper in this case because it did not include an instruction for the following element of the offense: "with the intent to arouse or gratify the sexual desire of any person." *See* Tex. Penal Code § 21.02(2). Although Perales concedes that he did not object to the charge's omission during trial, he also correctly points out that the sufficiency of the evidence of his conviction is still measured against all of the elements of the offense. *See Limas v. State*, 941 S.W.2d 198, 202 (Tex. App.—Corpus Christi 1996, pet. ref'd).

after the incident. *Williams v. State*, 305 S.W.3d 886, 891 (Tex. App.—Texarkana 2010, no pet.); *see Moore v. State*, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998) (explaining that "[m]ental states are almost always inferred from acts and words"). "An oral expression of intent is not required," and "[t]he conduct alone is sufficient to infer intent." *Underwood v. State*, 176 S.W.3d 635, 639 (Tex. App.—El Paso 2005, pet. ref'd).

During the trial, I.S. explained that on the night in question, she was in Austin for a convention for Emergency Medical Services employees. Further, she testified that after the convention ended for the day, she went out drinking with some friends. In addition, she related that while she was at the bar, she noticed Perales looking at her and that Perales eventually walked up to her and began talking with her. Next, she recalled that after she shook his hand and said "nice to meet you," she "turned around . . . and went back to [her] group which was just a few feet from that bar." She also testified that at that point her back was facing Perales. Then, she stated that when she was standing with her friends, she felt "this really awful pressure that . . . from the front of my pubic area, pubic bone, that ran between my legs all the way to my back." When describing the incident, she stated that Perales had reached "between her legs," that she felt his fingers "run through [her] center all the way to [her] back," that she felt pressure "between [her] labias," that Perales touched her vagina, that she was kind of in shock, and that when she turned around, she saw Perales pulling "his hand . . . away from [her] back." Moreover, she revealed that when she confronted Perales and informed her friends what was happening, Perales tried to shush her.

In addition to I.S., other witnesses testified regarding the incident in question. For example, Shavonnah Bush, who worked with I.S. at the time, stated that she saw Perales's

7

"fingertips . . . between [I.S.'s] legs" and saw him move his arm in an "upward motion." Moreover, Bush explained that she saw I.S. confront Perales and that during the confrontation, he was "kind of smirking and laughing." Similarly, Louis Cellmer, who also worked with I.S., testified that although he did not know exactly where on I.S.'s body the touching occurred, he saw Perales walk over to I.S., "reach[] down and then swipe[] his hand back and step[] back."

During the trial, Yanette Cuevas was called to testify for the defense. In her testimony, Cuevas explained that I.S. and Perales appeared intoxicated prior to the incident, that she saw I.S. "dance[] in front of [Perales] for quite awhile," and that she thought that I.S. was dancing for him and might have been his girlfriend. However, Cuevas also explained that although she observed I.S. dancing in front of Perales, she never saw the two of them talk or interact with each other, and she testified that she did not know whether I.S. was aware that Perales was standing behind her.

In addition to the testimony from the witnesses described above, a recording of Perales being interviewed by the police was played for the jury and admitted into evidence. In that video, Perales stated that he was dancing with I.S., that they came in contact with one another, that he pushed her away, and that she confronted him.

In light of the jury's role in resolving conflicts in the evidence presented, given the testimony summarized above, and in light of the inferences that the jury was free to make from that testimony, including the inference that Perales touched I.S. with the intent to arouse or gratify his sexual desire, we conclude that the evidence was legally sufficient. Accordingly, we overrule Perales's second issue on appeal.

**Jury Charge**

As mentioned above, in his third and fourth issues, Perales asserts that the charge that was given to the jury was improper.

In his third issue, Perales contends that the jury charge was improper because it allowed the jury to find Perales guilty if he touched I.S. through her clothing. The jury charge contained the following definition for "sexual contact": "'Sexual contact' means any touching of the anus, breast, or any part of the genitals with the intent to arouse or gratify the sexual desire of any person. *Sexual contact or touching may be through clothing* but would require a perception by a sense of feeling." (Emphasis added.) When challenging this instruction, Perales contends that this definition was improper because it did not account for the legislature's amendments to the Penal Code that were mentioned previously.

However, as discussed in Perales's first issue on appeal, we believe that the amendments relied on by Perales did not substantively change the definition for "sexual contact" and that touching through clothing is included within that definition. Accordingly, we cannot agree with Perales's suggestion that the definition provided in the jury charge was improper, and therefore, we overrule Perales's third issue on appeal.

In his final issue on appeal, Perales contends that the jury charge was improper because it failed to include the mental state for the offense in the application paragraph. *See Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (explaining that "[t]he application paragraph is that portion of the jury charge that applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations"). Specifically, Perales contends

9

that the trial court "failed to include the required *mens rea* element of 'with the intent to arouse or gratify the sexual desire of any person.'" When presenting his argument, Perales admits that he did not make an objection to the trial court regarding the allegedly improper jury charge and, therefore, concedes that a reversal is only warranted if there was "egregious harm." *See Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013). For the sake of argument, we will assume that the omission from the application paragraph was error.

Egregious harm "is a difficult standard to meet and requires a showing that the defendant[] w[as] deprived of a fair and impartial trial." *Id.* Moreover, the record must show actual, not theoretical, harm, "and the error must have affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory." *Id.* When deciding if egregious harm has been shown, reviewing courts "look at the entire jury charge, the state of the evidence . . . , the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id.*

In this case, the jury charge is only four pages long, and the final page lists instructions for the jury regarding things that they should and should not do during their deliberations. The first page specifies that the "law provides that a person commits the offense of Public Lewdness if he knowingly engages in an act of sexual contact in a public place." The first page also provides a similar explanation for the offense of assault. Near the end of the first page and on the second page, the jury charge contains various definitions for the terms used in the charge, including "sexual contact," which the charge defines, in relevant part, as "any touching of the anus, breast, or any part of the genitals with intent to arouse or gratify the sexual desire of any person." On the third page, the charge contains a provision applying the law on public lewdness to the facts

10

of the case.  In particular, the application paragraph states as follows: "Now if you find from the evidence beyond a reasonable doubt that, Manuel Perales . . . did then and there knowingly engage in an act of sexual contact in a public place . . . in that the Defendant contacted the genitals of [I.S.] with the Defendant's hand, you will find the defendant 'Guilty' of the offense of Public Lewdness." Under these circumstances, we believe "that a reasonable jury would refer to the abstract definition" for sexual contact "without needing to have it repeated again in the application paragraph." *See Vasquez*, 389 S.W.3d at 371.

Morever, as discussed in Perales's second issue, the evidence presented at trial would have allowed the jury to reasonably infer that Perales touched I.S. with the "intent to arouse or gratify" his sexual desire.  Tex. Penal Code § 21.01(2).  Furthermore, during its closing argument, the State argued that Perales "knowingly touche[d] the anus, breast or any part of the genitals of another person with the intent to arouse or gratify the sexual desire of any person" and later reiterated that it was the State's burden to prove that Perales acted with "the intent to arouse or gratify the sexual desire of any person, not just him."  In addition, the State summarized the testimony from the various witnesses explaining that Perales touched I.S.'s genitals[2] and argued that the contact was done for the purpose of sexual gratification: his gratification or his mistaken belief that I.S. would be gratified.  In his opening and closing statements, Perales agreed that the State was obligated to prove that he touched I.S. with an intent to arouse or gratify, but he argued that the evidence did not support that determination.  Specifically, he argued that he "didn't commit the offense of public

_____

[2] In his brief, Perales notes that during the State's closing, it mentioned that "all that's required in this case is that we prove beyond a reasonable doubt that the defendant touched [I.S.'s] genitals."  However, the context in which that statement was made demonstrates that the State was simply clarifying that it was not necessary for the evidence to show that Perales's contact resulted in a "parting of the labia."

lewdness," that it was the State's obligation to produce evidence and to prove the elements of public lewdness beyond a reasonable doubt, and that "there wasn't a single witness that said anything about his trying to do anything with respect to his sexual desire."[3] Similarly, after the State closed its case, Perales moved for a directed verdict and stated that "[t]here hasn't been a single witness that has testified that it's their belief that . . . Perales did anything to arouse or gratify the sexual desires of any person." Finally, our review of the record reveals that the alleged error did not affect Perales's defensive theories, deprive him of a valuable right, or otherwise egregiously harm him.

In light of the preceding, we cannot conclude that Perales was egregiously harmed. Accordingly, we overrule his final issue on appeal.

## CONCLUSION

Having overruled all of Perales's issues on appeal, we affirm the trial court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   October 10, 2014

Do Not Publish

_____

[3] In his closing, Perales also focused a great deal on whether the contact was an assault and challenged the credibility of some of the witnesses.

12