

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00366-CR

DARRIN HUNTER                                                         APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. F-2012-1199-C

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Darrin Hunter of assault by impeding the breath or circulation of the complainant, a third-degree felony,[2] and assessed his punishment at twelve years' confinement as a repeat offender. The trial court

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B) (West Supp. 2014).

sentenced him accordingly. In his sole issue, Appellant argues that the trial court reversibly erred in the punishment trial by admitting into evidence several judgments of conviction that were not sufficiently linked to him. Because the trial court committed no reversible error, we affirm the trial court's judgment.

Appellant does not challenge the sufficiency of the evidence. He argues only that the evidence was not sufficient to link the extraneous offenses—indecent exposure and driving while intoxicated (DWI)—to him in the punishment trial. He concedes, however, that the offenses were linked to him by name, date of birth, race, and gender. The State was able to link State's Exhibit 27, documents pertaining to a criminal trespass of a habitation conviction out of Dallas County, to Appellant by fingerprints. The fingerprints for State's Exhibits 21 through 26, however, were too faint to compare. The State was able to match Appellant's full name and date of birth, as well as race and gender, to the challenged exhibits. Appellant objected at trial that the State had not sufficiently linked the exhibits to Appellant. The trial court overruled his objection. As to the indecent exposure offenses, Appellant later admitted on the stand that he was the same person who was referenced in those convictions for indecent exposure. As to the 1994 DWI offense in State's Exhibit 26, Appellant testified on cross-examination that he had committed a DWI twenty to twenty-five years before trial in the instant case.

We review the trial court's decision to admit evidence under an abuse of discretion standard.[3] A trial court abuses its discretion when its decision lies "outside the zone of reasonable disagreement."[4] We hold that the evidence here is sufficient to connect the complained-of extraneous offenses to Appellant.[5] We therefore hold that the trial court did not abuse its discretion by admitting the challenged evidence of the extraneous offenses.

We overrule Appellant's sole issue and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 11, 2015

---

[3]*Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 2966 (2011); *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

[4]*Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007) (citation and quotation marks omitted).

[5]*See Flowers v. State*, 220 S.W.3d 919, 923 (Tex. Crim. App. 2007); *Miller v. State*, 33 S.W.3d 257, 262 (Tex. Crim. App. 2000).