**Joseph Cever COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–11–00236–CR.**

Court of Appeals of Texas, Texarkana.

Submitted March 6, 2012.

Decided March 13, 2012.

Discretionary Review Refused May 23, 2012

---

Jason L. Horton, Horton Law Firm, Texarkana, for appellant.

Samantha J. Oglesby, Asst. Dist. Atty., Texarkana, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Joseph [1] Cever Cooper was convicted in a bench trial of three separate forgeries. The trial court enhanced these three convictions, each of which was a state jail felony, to the level of a third degree felony conviction, and sentenced him to eight years' imprisonment. The State alleged two separate prior felony convictions as required for the enhancement. Cooper argues on appeal that although he pled true to one prior offense, he pled not true to a 2002 conviction, and the State failed to prove the 2002 offense was final. Thus, he argues, the enhancement was unlawful and remand for resentencing is necessary.

The State introduced documents showing the prior conviction in a Dallas court. The judgment was stamped "On Appeal." The case had been appealed to the Fifth Court of Appeals in Dallas. The attorneys for both Cooper and the State, speaking to the court, told the judge that they had checked with the Dallas Court of Appeals

and that the appeal was final, no petition for discretionary review had been filed, and the court had issued its mandate August 27, 2004.[2] Apparently, the State made a last-minute attempt to obtain a certified copy of the mandate the morning of the hearing, but the Dallas court required a formal request, and the prosecutor stated that she had been told it would take up to two days to get a copy of the mandate.

Thereafter, Cooper testified that (at least five years earlier) he had personally filed an appeal from the Dallas Court of Appeals' ruling and had never heard from it. Later, when asked if it was his testimony that the case was still on appeal, he answered, "I'm pretty sure it still is." [3]

Cooper is correct in stating that it is the State's burden to prove the finality of convictions that it wishes to use for enhancement. *Flowers v. State*, 220 S.W.3d 919, 922 (Tex.Crim.App.2007); *Williams v. State*, 309 S.W.3d 124, 129 (Tex.App.-Texarkana 2010, pet. ref'd). A prior conviction becomes final for enhancement purposes when the appellate court issues its mandate affirming the conviction. *Beal v. State*, 91 S.W.3d 794, 795 (Tex. Crim.App.2002). In a concurring opinion in *Beal*, Judge Keller observed regarding the sufficiency of the proof of prior convic-

---

1. The judgment refers to appellant as Joe and the notice of appeal refers to him as Joseph; we will refer to him as Joseph.

2. In discussing the enhancement allegation, the defense attorney advised the trial judge, "It states on the top of that—it states 'on appeal.' We have checked with the Court of Appeals, and I think what happened is that cause number was originally appealed.... It had stamped on the judgment that the State provided me 'on appeal,' and I think—we have done some checking with the Dallas Court of Appeals. A mandate has been issued on that case." The State likewise said the

appeal "was affirmed, no PDR was issued, and there was a mandate issued on August 27, 2004."

3. Q And have they corresponded back to you?
A They probably have, but I haven't been—I've moved from address to address, and each time I moved I had to write them and let them know. So I have no idea at this time.
Q But it's your testimony that this case is still on appeal?
A Yeah. It's—I'm pretty sure it still is.

tions that "if the State's proof of the prior conviction shows on its face that the conviction was appealed, the State must put on evidence that [the] mandate has issued." *Id.* at 797 (Keller, J., concurring); *see Ex parte Chandler,* 182 S.W.3d 350, 358 (Tex.Crim.App.2005).

On appeal, Cooper argues that there was no evidence presented of finality, testifying that he had filed a petition for discretionary review that had not yet been disposed of. The question is whether the statements by both Cooper's counsel and the prosecutor to the trial judge in open court constitute evidence of finality of the conviction.

■ To establish the prior offense, the State must prove beyond a reasonable doubt that a prior conviction exists and that the defendant is linked to that conviction. The court recognized that this could be proven in various ways, including an admission or stipulation or documentary proof. *Flowers,* 220 S.W.3d at 922; *see Jordan v. State,* 256 S.W.3d 286, 292 (Tex. Crim.App.2008). Applying the *Brooks* analysis for sufficiency, we review all the evidence in the light most favorable to the fact-finder's verdict to determine whether any rational fact-finder could have found the essential elements beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App.2010) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

■ The State argues on appeal that the statements by counsel, both agreeing to the state of the facts, is a stipulation. The agreement is of record, for it occurred in open court, but there is no formal writing memorializing the agreement, and the term "stipulation" was not used either by counsel or court.[4] The criminal rules do not specify how a stipulation is to be taken,[5] and we note that it is generally defined as an agreement between opposing parties.[6] The Texas Court of Criminal Appeals has recognized that statements made in open court by counsel may suffice to supply evidence that the defendant has previously been convicted and that the conviction is final. *Bryant v. State,* 187 S.W.3d 397, 400 (Tex.Crim.App.2005). If the evidence is a stipulation, it has the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of that fact. *Id.* Here, the defendant did not personally endorse counsel's statement and later testified to the contrary. In that posture, we do not believe counsel's statement should be considered as an unassailable stipulation of fact. "A valid stipulation may be either written and signed by the defendant himself or made orally in open court and agreed to by the defendant himself on the record in front of the judge." *Id.* at 405 n. 3 (Cochran, J., concurring).

■ There must be some basis on which the trial court may conclude that the conviction is final. No specific form of evidence is required to prove that the prior conviction exists, the defendant is linked to it, and the conviction is final. *Flowers,* 220 S.W.3d at 921–22. The trier of fact reviews all evidence presented to determine whether the defendant has previously been

---

4. *See and compare* Tex.R. Civ. P. 11.

 **Agreements To Be in Writing**

 Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

5. There are several sections in which stipulations are referenced, but there is no general exposition on how they should be created. *See generally* Tex.Code Crim. Proc. Ann. arts. 1.15, 11.65 (West 2005), arts. 31.03, 46C.152 (West 2006).

6. Black's Law Dictionary 1550 (9th ed. 2009).

convicted of a particular offense and likewise if the offense is final.

 In similar situations, the Texas Court of Criminal Appeals has held that representations made to the trial judge by defense counsel in open court constitute evidence on which the judge may rely and act. To impose a consecutive sentence, there must be evidence that links the defendant to the prior conviction. *Miller v. State*, 33 S.W.3d 257, 260 (Tex.Crim.App. 2000). In *Miller*, the trial court had stacked the current sentence on two prior felony offenses. No testimonial evidence was presented connecting the defendant to the two prior convictions; the court of appeals reversed the cumulative sentencing order. The Texas Court of Criminal Appeals recognized that even though no other evidence was presented about the prior convictions, defense counsel stated in open court to the trial judge that Miller was currently serving thirty years for two prior convictions. *Id.* at 258. The court held that "[b]y admitting that he already was serving 30 years (the total punishment assessed for the prior two convictions), Miller's counsel admitted that Miller indeed had the two prior convictions identified in the Motion to Cumulate Sentences . . . . this admission constitutes *sufficient evidence* linking Miller to the two prior convictions." *Id.* at 262 (emphasis added) (footnote omitted).[7] In *Miller*, the Texas Court of Criminal Appeals held that defense counsel's statements in open court admitting the defendant's prior convictions

was sufficient evidence for the trial court to make the determination that Miller had been previously convicted of two felony offenses.[8] *Mungaray v. State*, 188 S.W.3d 178, 184 (Tex.Crim.App.2006) ("In *Miller*, this Court decided that admissions by the defendant's lawyer that the defendant 'was currently serving 30 years for two prior convictions' were also admissions that the defendant 'indeed had the two prior convictions' set out in the State's motion to cumulate."). Likewise, the statement of defense counsel here in open court to the trial judge that he had investigated the conviction and found that a mandate had issued from the Dallas Court of Appeals, while not an unchallengeable judicial admission or stipulation, was sufficient evidence on which the trial court could determine the finality of the conviction. Cooper's testimony provides some evidence to the contrary. In such a situation, we apply the analysis set out in *Flowers*, 220 S.W.3d at 921. Reconciliation of conflicts in the evidence is within the exclusive province of the fact-finder. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App.2000). The trial court did not err in concluding Cooper had two previous felony convictions and sentencing him accordingly.

We affirm the judgment of the trial court.

---

7. In *Miller*, the Texas Court of Criminal Appeals cited *Resanovich v. State*, 906 S.W.2d 40 (Tex.Crim.App.1995), as authority that an admission by counsel that "[i]t [prior conviction for theft] has not been discharged, your Honor, he is currently serving it. . . . He's serving both of them [convictions for theft and murder]," sufficiently established the prior conviction was linked to the defendant. *Miller*, 33 S.W.3d at 262 (citing *Resanovich*, 906 S.W.2d at 41–42).

8. The Texas Court of Criminal Appeals explicitly stated that this admission created some "evidence" that the defendant had been convicted of two prior convictions, rather than withdrawing such fact issue from the case and dispensing with the necessity of evidence as in *Bryant*, 187 S.W.3d at 402.