**Affirmed and Opinion Filed August 29, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00606-CR

**AARON MIKYLE DOROUGH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 19-50609-CC2-F**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Molberg

Aaron Dorough claims error in the enhancement paragraphs and ineffective assistance of counsel based on counsel's stipulation to the paragraphs. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

In late 2019, a grand jury indicted Mr. Dorough for driving while intoxicated, including specific allegations that he was convicted of two other offenses "relating to operating a motor vehicle while intoxicated," prior to the commission of the charged offense. These jurisdictional enhancements had to be proven beyond a reasonable doubt during the guilt phase of trial. *See Ex parte Benson*, 459 S.W.3d

67, 75 (Tex. Crim. App. 2015); TEX. GOV'T CODE § 25.1312(a) (jurisdiction of Kaufman County statutory county courts).  In early 2020, the State filed an amended indictment from the grand jury, including allegations of two additional felony convictions, one felony driving while intoxicated offense and one felony offense of "Obstruction or Retaliation."  These are punishment enhancements, meaning the original third-degree felony driving while intoxicated would be punished as a first-degree felony with a mandatory minimum twenty-five year punishment.  *See* TEX. PENAL CODE § 12.42(d).

In his first issue, Mr. Dorough claims he did not "knowingly and voluntarily" stipulate to the two convictions the State used to enhance his punishment.  In January 2021, the State filed notice of its intent to introduce evidence of sixteen extraneous convictions, which included the four prior convictions in the amended indictment.  Relevant trial counsel entered his appearance in April 2022.  At a pre-trial hearing in June 2022, counsel signed a document stating—and represented to the court—that he had received all discovery.  *See* TEX. CODE CRIM. PROC. art. 39.14. The prosecutor requested the court to advise Mr. Dorough on the punishment range of twenty-five to ninety-nine years or life, and trial counsel advised that he did not believe that was correct because the allegations were only a DWI-3rd, not a 4th.  The prosecutor said that the current offense in any event was Mr. Dorough's fourth DWI offense.

Mr. Dorough and counsel indicated this was new information, and Mr. Dorough requested to speak. The court advised him "to listen to me this time," before discussing the seriousness of the allegations and his "tendency to talk and talk and talk." Mr. Dorough later said, regarding his prior convictions, that, "I did my time for all of them and completed everything that was asked of me afterward when I was on parole." The court stated that, even if he did his time on those, he still had convictions. Mr. Dorough replied, "I know, I also know that I've been in the penitentiary ten times" and later agreed without reservation that he understood the range of punishment. During the punishment phase, the State announced the exact month, year, county, and charge of conviction associated with the convictions it alleged enhanced Mr. Dorough's punishment. Trial counsel stipulated to the prior convictions without reservation, and Mr. Dorough said nothing to contradict the stipulation. The State asked the court to take judicial notice of the guilt phase of the case, as well as "the prior hearings that have been held in this matter before this Court, and the defendant's behavior during those." The Court did so.

An uncontradicted stipulation by counsel on the record has the same effect as a stipulation made by a criminal defendant himself. *See Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). Mr. Dorough had many opportunities to request clarification on the prior convictions, even after he claimed that he'd been "in the penitentiary ten times." He may have conferred with counsel, though our record

does not so indicate.  He never indicated any hesitation with the fact of his prior convictions.

In an interesting argument, Mr. Dorough suggests stipulating to prior convictions is tantamount to a waiver of the right to confront witnesses, which he argues cannot be presumed from a silent record.  *See Stringer v. State*, 241 S.W.3d 52, 56 n.27 (Tex. Crim. App. 2007) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)).  This seems to arise from *Stringer* citing Justice Hugo Black's majority opinion in *Johnson v. Zerbst*, 304 U.S. 458, 463–64 (1938), where the Court stated that trial courts should clearly determine whether a criminal defendant waives the right to counsel, and that "it would be fitting and appropriate for that determination to appear upon the record."[1] *See Stringer*, 241 S.W.3d at 56 nn. 26, 28 (citing *Johnson*, 304 U.S. at 464).  We are not presented a silent record; to the contrary, the stipulation provides an ample record to support the prior convictions.

Mr. Dorough also argues he had to "personally endorse" the stipulation.  *See Cooper v. State*, 363 S.W.3d 293, 296 (Tex. App.—Texarkana 2012, pet. ref'd). We disagree.  *Cooper* dealt with a situation where counsel represented to the sentencing court that he researched his client's prior conviction, that the court of appeals had issued its mandate, and thus it was final.  *See id.* at 295. Cooper told the court he believed the matter was still on appeal to the Court of Criminal Appeals, and the

---

[1] The Court later refined the on-the-record process for courts determining whether to grant a criminal defendant's request to proceed without counsel in *Faretta v. California*, 422 U.S. 806 (1975).

court of appeals, different from the one that handled the appeal in question, concluded his testimony created only a fact issue for the fact-finder to resolve, which it did in favor of finality. *Id.* at 297. Our sister court in *Cooper* did not create a requirement that a criminal defendant personally endorse stipulations, and we are not presented a situation where the criminal defendant contradicted his counsel's waiver or stipulation. *See id.*; *see also Brookhart v. Janis*, 384 U.S. 1, 6–8 (1966) (client neither waived right to plead not guilty nor acquiesced in counsel's attempt to enter a guilty plea on his behalf and thus entitled to remand to assert that right). We overrule this issue.

In his second issue, Mr. Dorough claims that the evidence insufficiently proved he was a habitual offender. He assumes for the purpose of this argument that we do not consider counsel's stipulations or State's Punishment Exhibit 1, which is a copy of the State's Notice of Intent to Introduce Evidence of Extraneous Matters, Crimes, Offenses, Wrongs[,] or Acts, listing the charges, dates committed, dates convicted, and counties for Mr. Dorough's sixteen prior convictions. In evaluating evidentiary sufficiency, we consider the probative weight of all evidence the fact-finder considered, "including erroneously admitted evidence." *Knox v. State*, 934 S.W.2d 678, 686 (Tex. Crim. App. 1996). Thus, we consider this evidence in our sufficiency review, even had we concluded it was erroneously admitted. Counsel's statement stipulating to the prior convictions, along with State's Punishment Exhibit

1, sufficiently prove the existence of the prior convictions for enhancement purposes. We overrule this issue.

In his third and fourth issues, Mr. Dorough claims he received the ineffective assistance of counsel and, implicitly, that the direct appeal record can support his claims. We disagree.

Ineffective assistance of counsel claims have two components: (1) deficient performance and (2) prejudice, meaning there is a reasonable probability that the result of the proceeding would have been different without the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims are notoriously difficult to sustain on direct appeal, because the trial record often fails to supply a sufficient basis for a claim and because, without counsel's explanation for her actions or inactions, many will fall within presumptively reasonable strategic choices counsel must make in the course of trial. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We must not speculate in our review; rather, ineffective assistance of counsel claims must be firmly founded in the record. *Bone*, 77 S.W.3d at 835. And on direct appeal, we indulge a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687.

Mr. Dorough's first ineffectiveness complaint is that trial counsel failed to request a continuance after learning the punishment range was different than what

he claimed to have understood. We cannot find deficient performance on this record: any speculation about potential plea bargaining, trial strategy changes, or arguments counsel should have made are the subject of the types of trial strategy judgments that the silent record on direct appeal insufficiently details. *See Bone*, 77 S.W.3d at 833–34. At sentencing, counsel had a difficult job, with the State introducing evidence of Mr. Dorough's sixteen prior convictions. Counsel provided the effective assistance at sentencing by advocating for Mr. Dorough at every chance, and his strategy to minimize the criminal history because twelve of the sixteen offenses were misdemeanors is within the range of competent, professional lawyering. Prejudice is also not firmly founded in the record: it is not clear what a continuance would have achieved because once the State filed these enhancements, the punishment was set.

Mr. Dorough also claims that counsel was ineffective for stipulating to the enhancement paragraphs, suggesting there is no proof the convictions were felonies or misdemeanors. Mr. Dorough correctly notes the "zealous advocate" role defense counsel must play for clients, particularly those accused of crimes. But on this record, we cannot conclude there is any insufficiency of proof and thus that counsel was ineffective. Counsel "need not perform a useless or futile act" to be deemed "reasonably competent." *See Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005); *see also Ex parte Parrott*, 396 S.W.3d 531, 535 (Tex. Crim. App. 2013) (illegal sentence claim based on erroneous enhancement allegation raised on

habeas). And nothing in the record indicates what counsel did to verify the prior convictions; counsel's lack of objection could easily be explained by his own investigation demonstrating that Mr. Dorough had the four prior felony convictions the State used for enhancements. *See Bone*, 77 S.W.3d at 833–34.

Having overruled Mr. Dorough's issues, we affirm the judgment of the trial court.

/Ken Molberg/
KEN MOLBERG
JUSTICE

220606f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AARON MIKYLE DOROUGH,
Appellant

No. 05-22-00606-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at
Law No. 2, Kaufman County, Texas
Trial Court Cause No. 19-50609-
CC2-F.
Opinion delivered by Justice
Molberg. Justices Carlyle and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 29th day of August, 2023.